United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATHISH ANISETTY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SSA COMMISSIONER,<br><br>　　　　Defendant. | Case No. 24-cv-00306-TSH<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 29 |

## I.　INTRODUCTION

After Plaintiff Sathish Anisetty brought this case and an earlier-filed related case (*Anisetty v. Kijakazi*, 3:20-cv-05575-TSH) for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case, and the Commissioner subsequently issued a decision in Plaintiff's favor. Plaintiff's attorney, Josephine Gerrard, now seeks an additional $16,037 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 29. For the following reasons, the Court **GRANTS** the motion.

## II.　BACKGROUND

Plaintiff brought these actions for judicial review under the Social Security Act, 42 U.S.C. § 405(g). On January 21, 2022, the Court remanded the first case for further proceedings. 20-5575, ECF No. 40. The Court subsequently granted the parties' stipulation for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8,500. *Id.*, ECF No. 43. After a denial of benefits on remand, Plaintiff filed this case. On August 27, 2024,

the Court granted the parties' stipulation to remand for further proceedings. 24-0306, ECF No. 25. The Court subsequently granted the parties' stipulation for attorney's fees under the EAJA in the amount of $10,500. *Id.*, ECF No. 28. On remand, the Commissioner granted Plaintiff's application and awarded $140,150 in retroactive benefits. Mot. at 2 & Ex. A (Notice of Award).

Gerrard filed the present motion on September 26, 2025. Under a contingent-fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award, which in this case would be $35,037.50. *Id.* & Ex. B (Fee Agreement). Gerrard now seeks $16,037. She contends this fee is reasonable because it equals the difference between the maximum § 406(b)(1) fee of $35,037.50 and the two EAJA awards totaling $19,000.[1]

The government filed a response, disclaiming any direct financial stake in the outcome of the motion and affirming its role in fee determination as akin to a "trustee for the claimants." ECF No. 30 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). Plaintiff has not filed an objection to the motion for fees and the deadline for doing so has passed.[2]

### III.  LEGAL STANDARD

Section 406(b) provides: "Whenever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht*, 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section]

---

[1] Gerard does not appear to seek the additional $.50.
[2] Plaintiff Sathish Anisetty died on November 26, 2023. Mot. at 2. Plaintiff's daughter, Sabina Anisetty, was substituted as party of interest before SSA. *Id.*

1    406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-
2    09.  The court's review of a fee agreement is based on the character of the representation and the
3    results achieved, *see id.* at 808, and can include analyzing: whether counsel provided substandard
4    representation; any dilatory conduct by counsel to accumulate additional fees; whether the
5    requested fees are excessively large in relation to the benefits achieved; and the risk counsel
6    assumed by accepting the case.  *See Crawford*, 586 F.3d at 1151-52.

7    A court must offset an award of Section 406(b) attorneys' fees by any award of fees
8    granted under the EAJA.  *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*,
9    698 F.3d 1215, 1218 (9th Cir. 2012).

## IV.   DISCUSSION

The Court finds Plaintiff's counsel has demonstrated the amount of fees requested is reasonable.  *See Gisbrecht*, 535 U.S. at 807.  First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25% threshold permitted under Section 406(b).  *See* Mot., Ex. B.  The Court also finds the total amount of fees, $35,037.50, is not excessive.  *See, e.g., Rosalinda M. v. Kijakazi*, 2023 WL 8852742, at *2 (N.D. Cal. Dec. 21, 2023) (awarding Gerrard $38,956.23 under contingent fee agreement following an award of $155,824.90 in past due benefits); *Erik William H. v. Colvin*, 2023 WL 6812543, at *3 (N.D. Cal. Oct. 16, 2023) (awarding Gerrard $44,752.75 under contingent fee agreement following an award of $179,011 in past due benefits).

Second, there is no indication a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceedings in an effort to increase the amount of fees awarded.  To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff, as she succeeded in having the Court remand this matter for further proceedings, resulting in an award of benefits.  *See Rosalinda M.*, 2023 WL 8852742, at *2; *Erik William H.*, 2023 WL 6812543, at *3.

Lastly, the Court finds Plaintiff's counsel assumed a substantial risk of not recovering fees when she accepted this case.  At the time Plaintiff and counsel entered into the contingency fee agreement, the SSA had denied Plaintiff any requested benefits, and counsel could not know how

3

the Court would rule. The Court is also mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112). As such, the Court finds the requested fee is reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants. *See Crawford*, 586 F.3d at 1153.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. As such, under *Gisbrecht*, the Court would typically award Gerard the full $35,037 and have her refund to Plaintiff the $19,000 previously awarded under the EAJA. However, Gerrad requests the Court instead award $16,037 without a requirement that she refund any amount to Plaintiff. Mot. at 5. While Gerrard's request differs from the usual practice described in *Gisbrecht*, the Court notes that "it also simplifies the process by directing all funds to the appropriate recipient in the first instance, without need to order a refund from Gerrard to [Plaintiff]." *Gurzenda v. Saul*, 2020 WL 5407998, at *3 (N.D. Cal. Sept. 9, 2020) (accepting Gerrard's approach of deducting earlier EAJA award from the amount she would otherwise be entitled to receive under § 406(b)). The Court also notes the government does not object to Gerrard's request. ECF No. 30 at 2-3. Accordingly, the Court finds Gerrard's approach is permissible.

## V.   CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. Plaintiff's counsel, Josephine Gerrard, may recover $16,037 in fees from Plaintiff's past-due benefits, in addition to the $19,000 Gerrard already received under the EAJA. The Commissioner

4

1    is **ORDERED** to disburse Plaintiff's past-due benefits in a manner consistent with this order.

2        **IT IS SO ORDERED.**

4    Dated: November 21, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge